### St. John v. Coates et al.

(Supreme Court, General Term, First Department. March 14, 1890.)

EQUITY—ISSUES FOR JURY—SETTLEMENT.

In an equity action the general term ordered the framing of an issue for a jury. On the settlement of such issue, several additional inquiries were added. At the trial of these issues the jury disagreed. A succeeding trial was brought on, when all the additional issues were stricken out, and a verdict rendered on the issue retained. The general term reversed the judgment for want of authority on the part of the trial court to make the change in the issues. Held, that an application made to the special term to modify the order settling the issues by striking out the additional inquiries was properly granted on a showing of the ineffectual efforts for their trial and determination.

Appeal from special term, New York county.

Action by Chauncey St. John against Howard W. Coates and Benjamin C. Wetmore as executors, etc., of George H. Peck, deceased. Defendants appeal from an order striking out certain issues directed to be tried before a jury.

Argued before BRADY and DANIELS, JJ.

John H. Post, for appellants. Lockwood & Post, for respondent.

DANIELS, J. It is alleged in the complaint that George H. Peck, the testator, in 1866, conveyed to Lewis St. John an undivided 20¾-96 of a farm of land in Venango, Pa., called the "Rooker Farm," and that Lewis St. John afterwards conveyed 10-96 of the same farm to Ellen Cole, and that they together assigned to the plaintiff their interest in the premises, and he demanded an accounting of the rents and profits derived by the testator from the use and enjoyment of the farm. The answer took issue upon the material allegations of the complaint, and alleged that Lewis St. John had been of unsound mind, and was incapable of making the assignment mentioned in the complaint, or of doing any business whatever. The action was tried before a referee, who reported in favor of the plaintiff. But, upon an appeal to the general term from the judgment, it was reversed, and the report set aside for its failure to contain any finding concerning the mental competency of Lewis St. John at the time of his assignment to the plaintiff; and the general term ordered the framing of an issue to be submitted to a jury, including the question of the mental competency of Lewis St. John. An application was made for the settlement of that issue, but upon its hearing eight additional inquiries were added, and required to be answered by the jury. A trial of these issues afterwards took place, and the jury failed to agree. A succeeding trial was brought on, when all the additional issues not contemplated by the direction of the general term were stricken out, and the jury rendered a verdict answering the three issues which were retained. An appeal was again taken to the general term, which reversed the judgment for the want of authority on the part of the court at the trial to make this change in the issues; and a motion was afterwards made to strike out from the issues which had been framed all those not relating to the competency of Lewis St. John; and upon the hearing of the motion that change was made, retaining the first, second, and fifth of the issues, which included the inquiry as to the mental capacity of Lewis St. John, and that reduced the issues to the compass designed by, and within the decision of, the general term.

The action was one in which neither party was entitled, as a matter of right, to a trial before a jury, but whether any one or more of the questions of fact within the issues should be so tried was subject to the discretion of the court, (Code Civil Proc. § 971;) and the direction of the general term, very clearly, was that only so much of the issues as included the question of mental competency of Lewis St. John should be tried by the jury, and that apparently involved, and would dispose of, the issue relating to the validity of any assignment which Lewis St. John might have made to the plaintiff. The residue of the inquiries. within the issues as they were first settled, related to matters of management, and were the proper subjects for an accounting, and for that reason not adapted to a trial before a jury; and, where such a trial may be directed, it is the policy of the law to confine the inquiries within as close a compass as may be practicable, on account of the inability of a jury to carry in their minds, and apply, in the disposition of the case, the evidence relating to a multitude of different subjects. The value of a trial before that tribunal depends upon the practicability of limiting the issues so far as that can be done, and thereby simplifying the trial in such a manner that the jury will be able to comprehend it, and remember and apply the evidence to the questions they may be required to answer. These issues clearly transcended what it was practicable to try in this manner, for no jury would be able to carry in their minds, and apply, the evidence relating to these 11 different inquiries, and reach an entirely satisfactory or intelligible result as to each of them; and it could not be a source of surprise, therefore, that they should have disagreed, when they were all tried, as to the disposition which should be made of these issues. It was before any steps were taken to bring on the case for a third trial before the jury that the application was made to strike out these additional inquiries, and the court, having the facts which had transpired after the issues were settled before it, deemed it to be proper to reduce the issues to those within the decision and direction of the general term; and, if that action is to be sustained, then the issues will be so far simplified as to enable the jury to try and dispose of them with an accurate understanding of the evidence, and its effect.

It has been objected in behalf of the appeal that the court had no power to rehear and dispose of the issues which had been framed. But the court did have that power after the additional facts were shown of the ineffectual efforts made for the trial and determination of these issues. Whether it would reconsider their settlement was a question addressed to its discretion. *Riggs* v. *Pursell*, 74 N. Y. 370. A different state of facts was made to appear from those before the court at the time when the issues were originally ordered, and it had become reasonably apparent that the action could not regularly be tried before a jury, with this large number of issues to be considered and answered; and the court was right in changing or modifying the preceding order so as to bring the issues within the important limits prescribed by the general term. The original order was made by Mr. Justice DONOHUE, who was, at the time when the motion was made, no longer in office; and the motion could only, therefore, be brought on before another justice.

It was further objected that the issues could not be changed for the reason they had been framed by consent, but this does not appear to be an accurate understanding of the case; for by the order it appears that the motion for the settlement of the issues was made upon notice, and after hearing counsel for each of the parties. This hearing took place upon an affidavit, and the court then directed the issues to be tried by the jury as they were settled by the order itself, and the consent which was given did not include the framing or settlement of the issues, but only the entry of the order as that had been drawn, which, evidently, was to carry into effect the decision made by the court; and that consent formed no obstacle in the way of the plaintiff from afterwards moving to correct these issues by excluding from them all those

not relating to the question of competency, which, in the judgment of the general term, should be tried by a jury.

There was no such laches in the case as would justify a refusal to hear and dispose of the motion; for, after the last trial, and the reversal of the judgment by the general term, each party seems to have delayed taking any action to bring on the case again for trial, and this order was made to place it in a condition in which it could fairly and properly be tried conformably to the directions of the general term. It should therefore be affirmed, with $10 costs, together with the disbursements.